Weygandt, C. J.
As already noted, this controversy is limited to sales in amounts in excess of 40 cents.
Amended Section 5739.10, Revised Code, reads in part as follows:
“For the purpose of this section no vendor shall be required to maintain records of individual retail sales of tangible personal property under 41 cents, and no assessment shall be made against any vendor for retail sales of less than 41 cents, solely because the vendor has no records of, or has inadequate records of, retail sales of less than 41 cents; provided that where a vendor does not have adequate records of receipts from his retail sales in excess of 40 cents, the Tax Commissioner may refuse to accept the vendor’s return, and upon the basis of test checks of the vendor’s business for a representative period, and other information relating to the sales made by such vendor, determine the proportion that taxable retail sales bear to all his retail sales.”
And Section 5739.11, Revised Code, reads:
“Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall be the amount due under Section 5739.01 to 5739.31, inclusive, of the Revised Code, and shall keep all invoices, bills of lading, retained parts of prepaid tax receipts, and such other pertinent documents, in such form as the Tax Commissioner requires by regulation. Such records and other documents shall be open during business hours to the inspection of the commissioner, and shall be preserved for a period of four years, unless the commissioner shall, in writing, consent to their destruction within that period, or by order require that they be kept longer. ’ ’
The appellant questions the constitutionality of Section 5739.10, Revised Code, on the grounds that the appellant is deprived of its property without due process of law because of misconstruction and misapplication of the statutory provisions, and because an irrebuttable presumption of the validity of the test checks is thereby created, all in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States.
The appellee denies the unconstitutionality of the statute and also insists that this question can not be raised here inas *407 much as it was not raised before the Board of Tax Appeals. The latter contention can not be sustained inasmuch as the Board of Tax Appeals, being an administrative agency and not a court, was without jurisdiction to consider and determine a question of constitutional validity. Hence, nothing could have been accomplished by raising the question there. East Ohio Gas Co. v. Public Utilities Commission, 137 Ohio St., 225, 28 N. E. (2d), 599.
The question of the validity of the various test checks disappears when it is observed that they were made at each of 36 of the appellant’s stores and in each department thereof for six-day periods in the manner, at the stores and at times suggested by the appellant itself. Under these circumstances the appellant can not be heard to complain that the statutory requirement for “a representative period” was not met duly and fairly. Especially is this true when it is noted that each test was applied to that store alone and to no other.
Another of the appellant’s complaints is that the Board of Tax Appeals was in error in finding that the appellant had failed to maintain adequate records of sales in excess of 40 cents within the meaning of Section 5739.10, Revised Code.
The record discloses that the appellant did not maintain register tapes or keep sales slips. The Board of Tax Appeals describes the appellant’s procedure as follows:
“Each cash register in each store is supplied a bank of sales tax stamps, and stamps in the proper value are supposed to be cancelled whenever a sale in excess of 40 cents is made. From the amount of stamps so cancelled the company is then able to compute its total taxable sales. Appellant’s cash registers do not have tapes and therefore there is no written record made of individual sales and only the amount of total sales can be ascertained by reading the register. Each store maintains monthly records of its sales broken down into taxable and nontaxable sales, as above noted, and at the end of each month the records are forwarded to the main office in Detroit, Michigan, where they are placed on permanent file. Appellant’s witness says that a constant supervisory check is carried on by the company to assure that stamps are cancelled in the correct sums. He further states that Kresge observes the same precautions for the collection of the tax and the cancellation of the stamps as it does *408 for its own business affairs, including the handling of cash and ringing of the registers. For this and other reasons the appellant is of the view that it did have ‘adequate records of receipts from retail sales in excess of 40 cents made during the audit period.
“The Board of Tax Appeals can not concur in this view. We believe that the use of the words ‘adequate records’ in Revised Code Section 5739.10 means records that are adequate for the Tax Commissioner to audit and examine to ascertain if the sales tax which should have been charged actually were charged and collected by the vendor and have been returned to the treasury of the state of Ohio. Obviously, a vendor, in most cases, keeps the records which he considers adequate for his own business purposes and is not particularly concerned as to whether they are adequate to establish tax liability. But we are here concerned with a tax statute which must be read in pari materia with the provisions of other sections of the Ohio sales tax law including those portions of Revised Code Sections 5739.01 and 5739.02 which read as follows:
“Section 5739.01—
‘ ‘ ‘ The tax collected by the vendor from the consumer under Sections 5739.01 to 5739.31, inclusive, of the Revised Code, is not part of the price, but is a tax collection for the benefit of the state, and except for the discount authorized in Section 5739.07 of the Revised Code, no person other than the state shall derive any benefit from the collection or payment of such tax. * # *.
“Section 5739.02—
i í Í # # *
“ ‘For the purpose of the proper administration of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established.
>y? * # ?
“The Board of Tax Appeals is also cognizant of the reasoning used by the Supreme Court of Ohio in the case of Obert v. Evatt, 144 Ohio State Reports at page 492, wherein the first three branches of the syllabus read as follows:
“ ‘1. Section 5546-12a, General Code, is supplementary to *409 Section 5546-9a, General Code, and provides a means whereby the bracket taxes imposed by Section 5546-2, General Code, may be recovered for the state treasury from a vendor in cases where the vendor failed to keep the records required to be kept by Section 5546-12, General .Code, or because of the nature of vendor’s business it is impractical for him to keep such records.
“ ‘2. Where a vendor liable under Section 5546-12a, General Code, claims that the Tax Commissioner in making an assessment by virtue of Section 5546-9a, General Code (as amended, 116 Ohio Laws, pt. 2, 329, 117 Ohio Laws, 763, and 119 Ohio Laws, 45), has made an insufficient allowance for tax-exempt sales, the burden of proof rests upon such vendor.
“ ‘3. Where the amount of vendor’s gross receipts from sales are known, the burden rests upon such vendor to show what part, if any, of such receipts resulted from sales of tax-exempt merchandise.’ ”
The conclusion of the Board of Tax Appeals aptly reads in part as follows:
“We also know that this matter would not be before us for consideration if the appellant had kept a record of its taxable sales and the sales taxes levied thereon, as provided by Revised Code Sections 5739.11 and 5739.02, in which event no speculation or inference would be involved in a determination of appellant’s sales tax liability. Not having kept such records which are capable of verification as to taxable sales, the appellant, of its own choice, necessarily chooses Section 5739.10, Revised Code, as the one upon which its sales tax liability shall be determined # * *.
i i ■'& * #
“Upon consideration of all the evidence presented, including the record, the transcript of the Tax Commissioner, and the briefs of counsel, we conclude (1) that the appellant did not maintain an adequate record of taxable sales and the tax collected thereon, as provided by the Ohio Sales Tax Act; (2) that the period used by the Tax Commissioner for the test check did constitute a representative period; and (3) the appellant, by the information it furnished to us relative to its retail sales, did not sustain the burden of proof imposed upon it by l&w, as described in Obert v. Evatt, 144 Ohio St., at page 492; and that, therefore, the Tax Commissioner’s order must be affirmed.”
*410 Consistent with these views, this court finds that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful. Hence, the decision of the board is affirmed.

Decision affirmed.

Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.